UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARMEL JACKSON, | : |
|                 Plaintiff, | : CIVIL ACTION NO.: 3:22-cv-01347 |
| v. | : |
| AMAZON.COM SERVICES LLC, | : OCTOBER 25, 2022 |
|                 Defendant. | : |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant Amazon.com Services LLC ("Amazon") hereby removes this action from the Superior Court of the State of Connecticut, Judicial District of Hartford, to the United States District Court for the District of Connecticut. In support of its Notice of Removal, Amazon states as follows:

**I.      RELEVANT BACKGROUND**

1.      On October 4, 2022 Plaintiff Sharmel Jackson ("Plaintiff") commenced this action by filing a Complaint (the "Complaint") against Amazon in the Superior Court of the State of Connecticut, Judicial District of Hartford, captioned as *Sharmel Jackson v. Amazon.com Services LLC,* HHD-CV22-6161236-S.

2.      On or about September 26, 2022, Amazon received a copy of the Summons and Complaint by process server. A true and correct copy of the Notice of Service of Process, Summons, and Complaint are attached hereto as Exhibit A.

3.      No other proceedings have been held in the Connecticut Superior Court, and the Summons and Complaint constitute all process and pleadings served upon Amazon in this case.

4. Accordingly, fewer than thirty days have elapsed since this action became removable to this Court.

5. Plaintiff's Complaint alleges claims of discriminatory termination and failure to accommodate in violation of the Connecticut Fair Employment Practices Act ("CFEPA") C.G.S. § 46(a)-60(b)(1). Compl. ¶¶ Count I 1 – Count II 28.

6. Plaintiff seeks alleged damages, including but not limited to money damages, reinstatement or front pay, punitive damages, attorneys fees, and costs. *See* Compl. at p. 5. Plaintiff's Complaint does not allege a specific damages amount.

## II.    REMOVAL STANDARDS

7. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district embracing the place where such action is pending."

8. As demonstrated below, this action is removable to the United States District Court for the District of Connecticut under 28 U.S.C. § 1332 (diversity of citizenship) and because this Court encompasses the district where the action currently is pending.

## III.    DIVERSITY JURISDICTION

10. Pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of different states…." In this matter, removal is appropriate as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

   A.    **Complete Diversity of Citizenship Exists.**

11. Upon information and belief, Plaintiff is a citizen of and resides in the State of

Connecticut.  Compl. ¶ 1.

12.  Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business.

13.  Amazon was at the time of the commencement of this action, and is now, a Delaware corporation, headquartered in Seattle, Washington.[1]

14.  As Plaintiff is a citizen of Connecticut and Amazon is a citizen of Delaware and Washington, this action is between "citizens of different states." *See* 29 U.S.C. § 1332(a)(1).

15.  As a result, and for the purpose of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332(c)(1); *Hertz v. Friend et al.*, 559 U.S. 77 (2010).

**B.    The Amount in Controversy Requirement Is Satisfied.**

16.  Because Plaintiff does not expressly plead a specific amount of damages in his Complaint, Amazon must only show "that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount."  *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

17.  Although Plaintiff's Complaint does not specify the precise amount of damages sought, there is a reasonable probability that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.[2]  In his Complaint, Plaintiff seeks unspecified alleged "1.

---

[1]  Amazon.com Sales, Inc. is the sole member of Amazon.com Services LLC.  Amazon.com Sales, Inc. is a Delaware corporation with its corporate headquarters and principal place of business in Washington. Accordingly, Amazon.com Services LLC is also a citizen of Delaware and Washington, because it is a limited liability company whose only member is incorporated in Delaware and has its principal place of business in Washington.

[2]  This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiff's Complaint.  Amazon's reference to a specific damages amount is solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Amazon maintains that Plaintiff's claims are without merit and that Amazon is not liable to Plaintiff.  Amazon specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Amazon.  No

Money damages; 2. Reinstatement or front pay; 3. Costs of this action and attorney's fees; 4. Punitive damages; 5. Such other relief as the court deems just and appropriate." Compl., at p. 5. Plaintiff also seeks "monetary damages including, but not limited to, lost wages" and "non-economic losses and damages" Compl. ¶¶ Count I 25-26, Count II 26-27.

18. "Pursuant to the CFEPA, a plaintiff may recover back pay, emotional distress damages, and reasonable attorneys' fees." *Baron v. Maxam N. Am., Inc.*, No. 3:11-cv-198, 2012 WL 1247257, at *3 (D. Conn. Apr. 13, 2012). Starting with a rough calculation of potential back pay, Plaintiff's salary was approximately $33,800.00 annualized. His weekly salary was therefore approximately $704.17 per week. Approximately, 41 weeks have elapsed since Plaintiff's employment was terminated on December 28, 2021. Compl. ¶ 19. The current potential back pay is therefore approximately $28,870.97.

19. Plaintiff is also potentially able to recover front pay. *Presumey v. Town of Greenwich Bd. of Educ.*, No. 15-cv-278, 2018 WL 2694442, at *5 (D. Conn. June 5, 2018) ("Front pay is a remedy awarded at the discretion of a district court where reinstatement is inappropriate"). Courts have defined "front pay" under the CFEPA as "compensation for loss of future earnings." *Smalls v. Mary Wade Home, Inc.*, No. NNHCV206107550, 2021 BL 225113, at *8 (Conn. Super. Ct. June 1, 2021). If awarded, two and a half years of Plaintiff's approximate salary as front pay could amount to $84,500.

20. In discrimination cases, courts have held that "garden variety emotional distress claims *generally* merit $30,000 to $125,000 awards." *Comm'n on Human Rights & Opportunities v. Cantillon*, 207 Conn. App. 668, 677-78 (App. Ct. 2021) (finding that while

---

statement or reference contained in this Notice of Removal constitutes an admission of liability or a suggestion that Plaintiff will or could recover any damages amounts based upon the allegations contained in the Complaint or otherwise.

"there is not a binding or presumptive range for emotional distress damages" in discrimination cases "garden variety emotional distress claims *generally* merit $30,000 to $125,000 awards.") (emphasis in original).

21. CFEPA also provides for the potential for punitive damages. *See* Conn. Gen. Stat. Ann. § 46a-104. Juries have awarded $75,000 in punitive damages alone. *Black v. New England Comput. Servs., Inc.*, No. 3:18-cv-2101, 2022 WL 702504 (D. Conn. Mar. 09, 2022) (affirming jury's award of $ 75,000 in punitive damages for retaliation claim under the Equal Pay Act and CFEPA).

22. Based on the foregoing, if Plaintiff were to prevail at trial on all his claims, there is a reasonable probability that these categories of damages would together exceed $75,000.

23. Additionally, the amount in controversy is satisfied because Plaintiff made an initial settlement demand of $100,000 on May 19, 2022 to prior counsel for Defendant. *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775-76 (2d Cir. 2010) (finding federal subject matter jurisdiction because amount in controversy requirement for diversity jurisdiction is satisfied where plaintiff made a settlement demand of over $75,000).

24. Moreover, oral settlement demands by a plaintiff are properly considered by a court when establishing the amount in controversy since "Rule 408 does not prevent the Court from considering settlement offers for the limited purpose of determining the amount in controversy when the pleadings themselves are inconclusive of that subject." *Homer v. GMAC Mortgage, LLC*, No. 10-cv-1937., 22011 WL 3859719, at *3 (D. Conn. Aug. 31, 2011) (denying motion to remand where plaintiff made oral settlement demand of over $75,000).

25. Accordingly, although Amazon expressly denies any liability to Plaintiff, this action meets the jurisdictional amount required for removal based on diversity of citizenship

under 28 U.S.C. § 1332(a).

## IV. VENUE

26. The United States District Court for the District of Connecticut is a proper venue for removal because it is the federal judicial district in which the Complaint alleges that a substantial part of the alleged events and/or conduct giving rise to the claims occurred.

27. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Superior Court in New Haven, where this action was filed and has been pending prior to removal, lies within this federal District.

## V. ADDITIONAL REQUIREMENTS FOR REMOVAL

28. As set forth above, this Notice of Removal is timely filed with this Court because thirty days have not expired since Amazon received the Complaint. *See* 28 U.S.C. § 1446(b).

29. Amazon is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court action in this removed action.

30. Amazon will promptly file a notice of filing this Notice of Removal with the Superior Court in accordance with 28 U.S.C. § 1446(d). A copy of such notice of filing is attached hereto as Exhibit B.

31. Amazon has provided Plaintiff written notice of this filing in accordance with 28 U.S.C. § 1446(d).

32. No previous Notice of Removal has been filed or made with this Court or any other court for the relief sought herein.

33. The undersigned is counsel for and is duly authorized to effect removal on behalf of Amazon.

34. By filing a Notice of Removal in this matter, Amazon does not waive its right to assert any and all defenses and/or objections in this case.

**WHEREFORE**, Amazon hereby removes this case from the Superior Court of the State of Connecticut, Judicial District of Hartford, to this Court, and this Court now has jurisdiction over further proceedings.

      Respectfully submitted,

      **AMAZON.COM SERVICES LLC,**

      By its attorneys,

      **MORGAN, LEWIS & BOCKIUS LLP**

      */s/ Christopher M. Wasil*
      Christopher M. Wasil (ct28578)
      One State Street
      Hartford, CT 06103-3178
      Telephone: 860.240.2719
      Fax: 860.240.2800
      Email: christopher.wasil@morganlewis.com

Dated: October 25, 2022

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 25, 2022, a copy of the foregoing Notice of Removal was served by e-mail and first-class mail to:

Michael J. Reilly
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel. (860) 296-3457
mreilly@cicchielloesq.com

                                                */s/  Christopher M. Wasil*
                                                   Christopher M. Wasil