## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARMEL JACKSON, | : |
| | : CIVIL ACTION NO.: 3:22-cv-01347 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| AMAZON.COM SERVICES LLC, | : FEBRUARY 14, 2023 |
| | : |
| Defendant. | : |

## MOTION TO WITHDRAW APPEARANCE

Pursuant to D. Conn. L.Civ.R. 7(e), the undersigned, Michel J. Reilly, hereby move the Court to permit them to withdraw as counsel for the Plaintiff, Sharmel Jackson. The undersigned seek to withdraw pursuant to Rule 1.6(b) of the rules the Connecticut Rules of Professional Conduct. A copy of this motion has been sent to Plaintiff by certified mail.

**I.   LEGAL STANDARD:**

D. Conn. L.Civ.R. 7(e) provides as follows:

> Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed pro se, and that the party whose counsel seeks to withdraw has elected to proceed pro se, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. In cases where the party has failed to engage other counsel or file a pro se appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file pro se appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

The Court "has a great deal of discretion in deciding a motion for withdrawal of counsel." *Vachula v. General Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D.Conn. 2000) citing *Whiting v. Lacara*, 187 F3d. 317, 320 (2d Cir. 1999). "As a first step in considering counsel's request, the court looks to the Rules of Professional Conduct as approved by the Judges of the Connecticut Superior Court … to determine whether withdrawal is permissive or mandatory given the facts presented." *Id*. (Internal citation omitted.)

Rule 1.16(b)(5) of the Rules of Professional Conduct provides "a lawyer may withdraw from representing a client if: … the representation … has been rendered unreasonably difficult by the client." In *Matza v. Matza*, 226 Conn. 166, 180 (1993) the Connecticut Supreme Court discussed the parameters and the appropriate scope of a court's inquiry pursuant to motion to withdraw as counsel pursuant to rule 1.16(b). The Court found that the attorney's ability to withdraw was not predicated upon any "factual underpinnings" supporting withdrawal, but rather, was based upon the attorney's good faith belief that continued representation was inappropriate under Rule 1.16(b). The Court relied in party upon the official comments to Rule 1.16 noting that a client's demand that a lawyer engage in unprofessional conduct places an attorney in a precarious position with regard to his concomitant obligations to protect the secrets of his client. "Although recognizing that the court may wish an explanation from the attorney for the withdrawal, the official comments suggest that the lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient." *Id*.

**II.    BASIS OF MOTION TO WITHDRAW:**

Here, the undersigned's representation of the Plaintiff has been rendered "unreasonably difficult "by the Plaintiff failure to communicate with counsel. Accordingly, the undersigned seeks leave of the Court to withdraw as counsel for the Plaintiff.

**III.    CONCLUSION:**

Based on the foregoing, Attorneys Michael J. Reilly respectfully request the Court grant this motion to withdraw as counsel for the Plaintiff in this matter.

              Respectfully Submitted

              By: _/s/ *Michael J. Reilly*_____
              Michael J. Reilly, Esq. (ct28651)
              CICCHIELLO & CICCHIELLO, LLP
              364 Franklin Avenue
              Hartford, Connecticut 06114
              T: 860-296-3457
              F: 860-296-0676
              Email: mreilly@cicchielloesq.com

## ELECTRONIC CERTIFICATION OF SERVICE

I hereby certify that on February 14, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ *Michael J. Reilly*
Michael J. Reilly, Esq. (ct28651)